**Emma BUSCH, Elsie James and Gelonia Smith, Plaintiffs,**

v.

**Glenn O. GIVENS, Individually and in his capacity as General President of the Los Angeles American Postal Workers Union, AFL–CIO, Defendant.**

**No. CV 78–3069–AAH.**

United States District Court, C. D. California.

Aug. 11, 1978.

Levy & Goldman by Elizabeth Garfield, Los Angeles, Cal., for plaintiffs.

Reich, Adell, Crost & Perry by Julius Reich, Los Angeles, Cal., for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This matter came on for a hearing before the above-entitled Court on two successive days, Wednesday, August 9, 1978, and Thursday, August 10, 1978, for hearing of testimony and argument and consideration of briefs and pleadings.

Plaintiffs originally sought a temporary restraining order which was granted on Wednesday, August 9, 1978, and a hearing on a preliminary injunction which was set for and heard on August 10, 1978. Pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure, and with the stipulation and consent of the parties, the hearing on

the permanent injunction was consolidated with and tried on the merits which were advanced and consolidated with the hearing on the Motion for a Preliminary Injunction. Therefore, the hearing on August 10, 1978, was and is a motion for a permanent injunction on the merits.

The Court finds, after consideration of all the evidence, the pleadings and the argument herein, not only by a preponderance of the evidence, but beyond any reasonable doubt, that the following are the facts:

1. That (a) Plaintiff EMMA BUSCH is a trustee and retired member of the Clerks Craft Division of the Los Angeles American Postal Workers Union, AFL–CIO;

(b) Plaintiff ELSIE JAMES is a trustee and member of the Clerks Craft Division of the Union;

(c) Plaintiff GELONIA SMITH is a member of the Maintenance Craft Division of the Union who was elected as a delegate to the National Convention of the American Postal Workers Union, AFL–CIO.

2. That defendant GLENN O. GIVENS is the General President of the Los Angeles American Postal Workers Union, AFL–CIO.

3. That there was in full force and effect in March, April, May, and June, 1978, the 1974 constitution as amended in October, 1977 of the Los Angeles American Postal Workers Union, AFL–CIO; (Exhibits A, H, I).

4. That under and by virtue of the terms of said 1974 constitution, the Union and its officers, including the defendant Glenn O. Givens, General President of the Los Angeles American Postal Workers Union, were and are bound by all of the terms, conditions and strictures therein contained;

5. That among the terms, conditions and strictures therein contained were the following:

Article IX, Section 8 which provided and provides that delegates from the Los Angeles American Postal Workers Union, AFL–CIO to the national convention of the American Postal Workers Union, AFL–CIO, which both plaintiffs and defendant agree will be held for a period of seven days in Denver, Colorado, commencing Monday, August 14, 1978, were and are to be twenty-seven in number, including: twelve delegates elected from the Clerk Craft Division; five delegates elected from the Maintenance Craft Division; four delegates elected from the MVS Craft Division; and three *ex officio* delegates designated by the 1974 constitution. The three *ex officio* delegates designated by the 1974 constitution are:

(1) The General President of the Los Angeles American Postal Workers Union, defendant herein Glenn O. Givens (Article VI, Section 1(a));

(2) the President of the Clerk Craft Division, to wit Paul Dayes (Article VIII, Section 1(a)); and

(3) the President of the Special Delivery Messenger Craft Division, to wit William Carlson (Article VIII, Section 3(a)).

6. That an attempt was made by the defendant in the months of March, April, May and June, 1978, to amend the 1974 constitution of said local union to change the aforesaid Article IX, Section 8 with respect to delegates to substitute eleven specially designated delegates, in lieu of the twenty-seven aforesaid delegates under this 1974 constitution. This attempt was contrary to the 1974 constitution as amended and in effect in said March, April, May, and June, 1978, even though the attempt was made by drafting a so-called 1978 constitution (Exhibits D and 1B) with the proposed amendments, and even though it was sent around to the membership by way of referendum and affirmatively voted for by the membership in said referendum.

7. The said 1978 constitution and each and every proposed amendment therein contained is and are contrary to the 1974 constitution as amended in October, 1977. (Exhibits A, H and I) The aforesaid proposed 1978 constitution was and is illegal, null and void and of no force and effect because the said proposed 1978 constitution

and the amendments therein contained were not presented to the membership in the form and in the manner required by the 1974 constitution and the October, 1977, amendment thereto in which the procedure for enacting amendments was set forth in Article XVI. Contrary to said 1974 constitution as amended in October, 1977, the said proposed 1978 constitution was *not* proposed in writing, was *not* recorded at a regular session of the Local, and was *not* passed by a majority of the members present and voting, all as required by said 1974 constitution as amended in October, 1977.

8. By reason thereof, the Local delegates to the national convention of the American Postal Workers Union, AFL–CIO, starting Monday, August 14, 1978, should be and must be those provided for in Article IX, Section 8 of the 1974 constitution as amended.

9. A permanent injunction should be and must be issued ordering that the delegates elected in accordance with the 1974 constitution as amended and particularly Article IX, Section 8 thereof, shall be and are named and designated as delegates to said convention and should and must receive the amount for each delegate that has been voted by the Local union, to wit the sum of $250.00 to cover travel to and from and expenses of said convention.

10. It would be a futility for the plaintiffs to attempt to exercise any internal union remedy that they may have because of the shortness of time before the National Convention of the American Postal Workers Union which is to be held Monday, August 14, 1978, in Denver, Colorado.

11. Any of the foregoing Findings of Fact later determined to be a conclusion of law are hereby incorporated into the Court's Conclusions of Law.

## CONCLUSIONS OF LAW

The Court has jurisdiction under 29 U.S.C. § 501 to issue a permanent injunction affording appropriate relief as required by reason of the facts which the Court has found as set forth hereinabove; that such appropriate relief should be and must be in the form of a permanent injunction ordering the defendant Glenn O. Givens as General President of the local union to designate as delegates to the national convention in Denver, Colorado, beginning Monday, August 14, 1978, the persons as hereinafter set forth and listed in the permanent injunction.

The aforesaid shall constitute Findings of Fact and Conclusions of Law as required by Rule 52 of the Federal Rules of Civil Procedure.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## PERMANENT INJUNCTION

In accordance with the Findings of Fact and Conclusions of Law filed herewith:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. That a permanent injunction is hereby made and entered ordering defendant Glenn O. Givens to designate the following elected delegates to the said national convention of the American Postal Workers Union, AFL–CIO from the Local Union affiliated therewith, all in accordance with Article IX, Section 8 of the 1974 constitution, as follows, excluding from the appropriate numbers for each craft those persons who are no longer viable members of the Union and, therefore, no longer entitled to be delegates.

    I. *Clerk Craft Division:*
        Twelve delegates provided by Article IX, Section 8, but only seven are still viable members of the Union and entitled to be delegates:
        1. Mattie Turner;
        2. Arthur Isaac;
        3. Lucille Green;
        4. Maxine Green;
        5. Carol Randle;
        6. Orpah Withers; and
        7. Edgar Baker.
    II. *Maintenance Craft Division:*
        Five delegates provided by Article IX, Section 8, and all five are still

viable members of the Union and entitled to be delegates:
1. Maeola Caldwell;
2. Charles Thomas;
3. Lee Oliver;
4. Gelonia Smith; and
5. Newton Joshua.

III. *M.V.S. Craft Division:*

Four delegates provided by Article IX, Section 8, of the 1974 constitution and all four are still viable members of the Union and entitled to be delegates:
1. Ulysses Terry;
2. James Wallace;
3. Jerry Sebree; and
4. Marion Thurman.

IV. *Special Delivery Messenger Craft Division:*

Three delegates provided by Article IX, Section 8 and all three are still viable members of the Union and entitled to be delegates:
1. Archie Randle;
2. Augustine Carrillo; and
3. William Carlson.

V. *Officers designated by 1974 constitution:*

Three provided by Article IX, Section 8, but only two are still viable as delegates:
1. General President of the local Union, Glenn O. Givens;
2. President of the Clerks Craft Division, Paul Dayes; and
3. President of Special Delivery Messenger Craft Division, William Carlson.

*Note:* Since Mr. Carlson is already a delegate elected as one of the three Special Delivery Messenger Craft Division delegates, he is not eligible to serve as a delegate because of his presidency of that division. Therefore, only two delegates among officers designated by the 1974 constitution are ordered.

2. That each of the aforesaid delegates as named constituting seven from the Clerk Craft Division, five from the Maintenance Craft Division, four from the MVS Craft Division, three from the Special Delivery Messenger Craft Division and two officers designated by the 1974 constitution, all as set forth above, shall each receive from and through Glenn O. Givens, as General President of Los Angeles American Postal Workers Union, AFL–CIO affiliated with the American Postal Workers Union AFL–CIO, the sum of $250.00 for travel and living expenses to attend the said national convention in Denver, Colorado, beginning Monday, August 14, 1978.

3. That said monies be paid by Mr. Givens to said delegates from and out of the funds of the said Los Angeles American Postal Workers Union AFL–CIO.

4. That each of the aforesaid delegates apply to the said Mr. Givens and the Los Angeles American Postal Workers Union AFL–CIO at its main office, 848 Sunset Boulevard, Los Angeles, California, telephone number (213) 646–8281, on or before noon Friday, August 11, 1978, and upon such application, said funds shall be disbursed to the aforesaid eligible delegate applicants forthwith.

5. That all of the said eligible delegates who each receives the $250.00 shall spend it solely and only in attending the said convention.

6. It is further ordered and adjudged that plaintiffs shall receive their costs of suit hereby incurred which are taxed in the amount of $_____.

7. Attorney's fees are awarded to the plaintiffs' attorney in the amount of $200.00, pursuant to 29 U.S.C. § 501(b) to be paid by defendant Glenn O. Givens, General President of the Los Angeles American Postal Workers Union, AFL–CIO from and out of the funds of the Union.

8. Neither party shall approach the Ninth Circuit for any appeal, writ of mandamus or prohibition, or any other form of relief *ex parte.* Any attorney so moving shall notify and bring opposing attorney to any hearing before the Ninth Circuit.